### WILL GARNER v. THE STATE.

#### No. 3573. Decided June 5, 1907.

**1.—Embezzlement—Indictment—Description—Incorporation.**

In a prosecution for embezzlement, where the indictment alleged in substance that the defendant was the agent and employee of a certain incorporated company, and as such agent he embezzled and fraudulently converted to his own use without the consent of said company certain money belonging thereto which came into his possession by virtue of said employment, the same was sufficient without alleging the name of the officers or the act of incorporation of said company, or that it was incorporated under any State or foreign power.

**2.—Same—Want of Consent—Agents of Company—Circumstantial Evidence.**

In a prosecution for embezzlement there was no error to admit evidence of want of consent by the different agents of an incorporated company, who testified that they turned the alleged embezzled money over to defendant and instructed him to pay the same on freight bills of the company, but that defendant failed to do so and ran away, and that they did not consent that he should appropriate said monies to his own use and benefit.

**3.—Same—Charge of Court—Loan—Fraudulent Intent—Loss.**

Where upon trial for embezzlement there was evidence on the part of the defendant that the alleged embezzled money was loaned to him on account and also that he had lost the same, but the State's evidence disclosed that the said money was turned over to him for a specific purpose and that he misapplied the same, and the court properly submitted these issues to the jury, there was no error.

Appeal from the District Court of Scurry. Tried below before the Hon. Cullen C. Higgins.

Appeal from a conviction of embezzlement of money over the value of $50; penalty two years imprisonment in the penitentiary.

The opinion states the case.

*Gregory & Batts* and *G. S. Wright* and *Thurmond & Sandusky,* for appellant.—On question of fraudulent intent: Strong v. State, 18

Texas Crim. App., 25; Evans v. State, 48 S. W. Rep., 194. On question of sufficiency of indictment: Smith v. State, 34 Texas Crim. App., 539.

*F. J. McCord,* Assistant Attorney-General, for the State.—On the question of insufficiency of indictment: Smith v. State, 34 Texas Rep., 265; Turner v. State, 32 S. W. Rep., 767; Leonard v. State, 7 Texas Crim. App., 417.

BROOKS, JUDGE.—Appellant was convicted of embezzlement. The indictment alleged in substance that appellant was agent and employee of an incorporated company, to wit: the Snyder Mercantile Company, and that as such agent he embezzled and fraudulently converted to his own use, without the consent of said incorporated company, money belonging to said company, to wit: the sum of $55, which money had come into the possession of appellant by virtue of his employment and agency.

Appellant filed a motion to quash the indictment on the ground that same charged no offense in that said incorporated company was not better described, and the name of the officer of said company is not given, and that it failed to allege the act of incorporation, or whether it was incorporated under any State or foreign power. This indictment was drawn according to the form laid down in section 1624 of White's Penal Code, and none of the objections urged as defects in same, as above stated by appellant, are well taken, as will be seen by reference to the authorities cited under said section.

Bill of exceptions was reserved to testimony offered by the State, over appellant's objection, showing the want of consent of the three parties who delivered the money to appellant, and also proving the want of consent of the general manager of the company. The facts, in relation to this matter, in substance, are as follows: On the 6th day of October, 1905, appellant, being an employee hauling freight for the above stated corporation, would get money from said company to pay freight bills, and on the morning of said date he procured from Cleve Wood, who was clerking for said company, $20 to pay the freight on goods at Colorado City; on the same morning he secured from Kincannon, the bookkeeper, $15 for the same purpose, and on the same morning he obtained $20 from Grantham, all the money, as stated by the witnesses, being the property of said company, and was delivered to appellant under the terms and conditions of his employment to pay freight bills for said company, and to haul the freight from the depot to said company's store, which was his employment at the time. After securing the money, appellant ran away, and returned about a year afterwards. In order to establish both the conversion of the property and lack of consent to the taking thereof, the State proved by these witnesses both the payment of the money, the purpose for which it was obtained, and that they did not consent

that appellant should appropriate same to his own use and benefit. Also proved by Dave Nations, who was general manager of the company, that the money above stated was appropriated without his consent. In this there was no error. The proof of lack of consent may be made by positive or circumstantial evidence. Certainly, the agents of the company who turned money over to appellant could properly testify to both its payment and lack of consent on their part to its conversion; in fact, it would be very essential that they should do so. We find no error in this.

One bill of exceptions in this record discloses the fact that appellant had a running account with the company for goods that he might purchase from the company. The evidence shows also that whatever amounts of money were advanced to appellant were charged up to this running account of appellant, and whenever he would pay the money out for freight and return the company the freight bills evidencing that fact, properly receipted, he was given credit upon the books of the company for said amount so paid out. Appellant insists that this evidences a loan of the money to appellant since it was charged up on the books to him when it was turned over to him, but all of the agents testified that this was their method of keeping an accurate account of money advanced and expended for freight. However, the court, among other things, charged the jury as follows: "On the other hand, if you should find from the evidence, or if you should believe that the said Will Garner was employed by the Snyder Mercantile Company at the time the money came into his possession, charged in the indictment herein, and that the same was turned over to him as his own funds with no specific directions as to how the same should be applied, but with the intention that the same should become the funds and property of the said Will Garner, and that he thereafter used the same, then he would not be guilty of embezzlement, although the use thereof may have indebted him to the Snyder Mercantile Company, but if the money was turned into his possession for the specific purpose of paying freights due by said company on goods which the said defendant was to receive, then such money would not become the property of the defendant, but would be that of the Snyder Mercantile Company, and in this connection I further charge you, that if the defendant received said money for the specific purpose of paying freight charges due by the said Mercantile Company for goods, and he thereafter, and with no intent to defraud the said Mercantile Company of the same, and without any intent to appropriate the same to his own use, lost said money, then he would not be guilty of embezzlement, though he may have failed to account for the same thereafter, and if you have a reasonable doubt as to whether he lost the same you will acquit him." This latter charge of the court was suggested by evidence in the record introduced by appellant showing that he lost the money. The rest of the charge was an apt presentation of the law applicable to the facts of this case. Clearly, if the money

was loaned, as indicated by the charge, there could be no embezzlement thereof, but as stated in the charge, and as the State's evidence discloses, the money was turned over to appellant for a specific purpose, and he appropriated the same to his own use and benefit, the sum of $55 as evidenced in the record before us; then, in that event, he would be guilty of embezzling the money of the corporation. The evidence amply warrents this conclusion, and finding no error in the record, the judgment is affirmed.

*Affirmed.*

[Rehearing refused at Tyler, October 30, 1907, without written opinion.—Reporter.]